## TOWNSEND *a.* PLATT.

*New York Common Pleas; Special Term, October,* 1856.

### ANSWER.—AMENDMENT AS OF COURSE.

Since the amendment of 1855 to section 153 of the Code—authorizing the plaintiff *in all cases* to demur to the answer for insufficiency,—the defendant may *in all cases* amend his answer as of course under section 172.

Motion to compel the plaintiff to receive an amended answer.

The defendant in this case interposed an answer which set up new matter but did not contain a counterclaim. Before twenty days had elapsed he served an amended answer which the plaintiff refused to receive. The plaintiff now moved to compel him to receive it.

*Abbott Brothers* for the motion. By section 172 any pleading may be once amended of course, before the period for *answering* it expires. A demurrer is as much an answer to an answer, as is a reply. The one answers the law of the answer, the other its allegations of fact. Hence whenever the plaintiff may *demur* to an answer, the defendant may amend it as of course, before the period for serving a demurrer expires.

Now prior to 1855, plaintiff could, under section 153 of the Code, only demur to an answer when it set up new matter constituting a counterclaim. It was under this state of the law, that in 1854 the Superior Court decided that a defendant could not amend of course, an answer which set up no counterclaim. (Farrand *a.* Herbeson, 3 *Duer*, 655.) The very ground on which that decision is placed is, that in a prior case, (Quin *a.* Chambers, 1 *Duer*, 673,) the court had held that no demurrer could be interposed to such an answer.

The ground of that holding is knocked away by the amendment of section 153 of the Code, passed March 3, 1855, (*Laws of* 1855, 54, *ch.* 44.) By that amendment plaintiff may in all

cases demur to the answer for insufficiency. It follows that in all cases defendant may amend his answer of course.

*S. Sanxay* opposed. The act of 1855 does not change the rule of section 172 of the Code, which grants permission to amend of course such pleadings *only* as require answers. If the construction contended for be correct then the *limitation* as to *amendments of course,* is abolished, or rather the right is extended to all such pleadings as counsel might deem objectionable on the ground of insufficiency. The result is, that if a party puts in an answer, though not requiring a reply, nor containing anything like a counterclaim, yet, if he suspects that it may be demurrable for insufficiency, he has the right, *of course,* to amend it. This would offer a reward for insufficient answers, for the mere purpose of amending them, and creating delay, which a party could very easily do, by thus putting in an amended answer, with a counterclaim. It is absurd to give this extension to section 172, by the act of 1855.

INGRAHAM, F. J.—This is a motion to compel plaintiff to receive an amended answer. The answer originally did not set up a counterclaim. Within twenty days thereafter, the defendant served an amended answer which the plaintiff refused to receive.

While such an answer was not demurrable, the defendant had no right to amend of course, inasmuch as there was no reply to it, but since the amendment of the Code, permitting a demurrer to such an answer to be put in, the rule of amendment must be considered as extended to such answers.

By section 172 of the Code, after a demurrer to a pleading, the party may amend within twenty days after the service of such demurrer; and that section must now be considered as applicable to answers, as well as complaints, which are demurred to. It would be very inconsistent to say that a defendant may amend his answer after demurrer is served, but may not, on discovering his error before demurrer, serve such amended pleading and thereby render the demurrer unnecessary.

The motion is granted, defendant's costs to abide the event.